# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARK T. SALARY,

                    Plaintiff,

          v.                                    CASE NO. 13-3074-SAC

RAY ROBERT, et al.,

                    Defendants.


## MEMORANDUM AND ORDER


This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and seeks leave to proceed in forma pauperis.

*The motion to proceed in forma pauperis*

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

The court has examined the materials supplied by the plaintiff and grants provisional leave to proceed in forma pauperis.

*Screening*

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. Id. at 558.

The complaint presents the following claims: (1) plaintiff's exposure to constant lighting at the Larned Mental Health Correctional Facility violated the Eighth Amendment; (2) plaintiff was falsely accused of performing sexual acts in a disciplinary report, resulting in sexual harassment; and (3) plaintiff was not allowed to make a complete statement or present evidence at the subsequent disciplinary hearing, violating his right to due process.

The court has conducted a preliminary screening of the complaint, as contemplated by 28 U.S.C. § 1915A, and makes the following findings.

First, pursuant to the Prison Litigation Reform Act, a prisoner

is required to exhaust all available administrative remedies before commencing a lawsuit. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006). To meet this requirement, a prisoner "must complete the administrative review process in accordance with the applicable procedural rules, --rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007)(internal citation and quotation marks omitted). Accordingly, plaintiff may not proceed in this action unless he has completed the Kansas grievance procedure, which requires a prisoner to first seek informal resolution and then file administrative grievances with the Unit Team, the principal administrator, and the Secretary of the Kansas Department of Corrections. *See* K.A.R. 44-15-102 (outlining inmate grievance procedure).

The materials supplied by the plaintiff show that he filed grievances concerning exposure to constant lighting with the Unit Team and principal administrator (Doc. 1, pp. 1-11). However, there is no evidence that plaintiff completed the grievance process by presenting his claim to the Secretary of the KDOC. Accordingly, the court will direct plaintiff to show cause why this claim should not be dismissed due to his failure to properly exhaust the grievance procedure.

Next, plaintiff claims his rights were violated by the preparation of an allegedly false disciplinary report and the failure to allow him to present a full statement at the disciplinary proceedings. However, the materials included with the complaint reflect that plaintiff was found not guilty of misconduct and no sanctions were imposed. (*Id.*, p. 16.)

"A prisoner has no constitutionally guaranteed immunity from being wrongly or falsely accused of conduct which may result in the

deprivation of a protected liberty interest." *Lopez v. Celaya*, 2008 WL 205256 at *5 (N.D. Cal. 2008). Rather, if a prisoner is provided a disciplinary hearing that affords him procedural due process, allegations of a falsified report do not state a claim for relief. *See Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

Next, because "[p]rison disciplinary proceedings are not part of a criminal prosecution, the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Where disciplinary action may result in the loss of good time credit, a prisoner must receive: (1) advance written notice of the charges; (2) an opportunity to call witnesses and present documentary evidence, where this is consistent with institutional safety; and (3) a written statement by the factfinder of the reasons for the decision and the evidence supporting it. *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454 (1985)(citing *Wolff*, 418 U.S. at 563-67). Plaintiff's complaint that he was not allowed to make as extensive a statement as he desired does not state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is granted. Collection action shall continue pursuant to 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED that on or before November 15, 2013, plaintiff shall show cause why his claim of prolonged exposure to lighting should not be dismissed due to his failure to fully exhaust the grievance procedure.

IT IS FURTHER ORDERED plaintiff's claims alleging a falsified disciplinary report and a due process violation during the

disciplinary proceedings are dismissed for failure to state a claim for relief.

IT IS FURTHER ORDERED plaintiff's motion for status update (Doc. 4) is denied as moot.

Copies of this order shall be transmitted to the plaintiff and to the finance office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

DATED:  This 16th day of October, 2013, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge